No. 13,791.

BAIR, TRUSTEE ET AL. *v.* ANDERSON ET AL.
(... P. [2d] ...)

Decided May 4, 1936.

Mr. Henry O. Andrew, for plaintiffs in error.

Messrs. Rinn & Connell, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Reference will be made to plaintiffs in error herein as plaintiffs and to defendants in error as defendants. Defendants Rowley and Dierks are not now material parties to this action.

Plaintiffs are surviving trustees of the Highland Mary Mining, Milling and Power Company, a corporation whose charter expired in April, 1926. This company, during its corporate existence, acquired certain mining claims in the Grand Island district in Boulder county and projected a tunnel to work the claims from a point on other claims located by the company at the time of locating the tunnel entrance. The latter group of claims will be designated as the tunnel group. At an expenditure of approximately $100,000, the company erected necessary buildings and a power plant, and during a period of some ten years, extended the tunnel a distance of about 2,000 feet. The last tunnel work was in 1916, ten years after the date of its charter in 1906. Following 1916, the company successfully prosecuted litigation over a long period against pretended purchasers of tax titles to the property, who during such period dismantled the power plant and removed all equipment from the tunnel.

A cabin known as the Highland Mary cabin on an adjoining millsite was left intact and a part of each year was occupied by plaintiff Bair who, as general manager, had looked after the property of the company. As stated, the company's charter expired in April, 1926. In 1929, defendant Anderson located certain claims embracing the mouth of the tunnel covering the same property above mentioned as the tunnel property. None of the claims here involved were ever patented and the paramount title thereto rested in the United States. It is claimed that in March, 1933, plaintiff Bair, acting for himself and other directors, resumed work in the tunnel. Defendants Anderson and Rowley, in making claim to their right to the tunnel, interfered with Bair and disputes arose. The extent of the work claimed to have been done by plaintiff Bair was a round of shots somewhere in the tunnel about March, 1933. He alleges that on June 7, 1933, he was wrongfully ousted from the tunnel and the property by defendants, and thereafter this action was instituted to recover possession of the mining claims and tunnel, for an injunction restraining defendants from operating the claims or tunnel, and for damages. After settlement of the pleadings, the case was tried to the court upon the issues as made. The evidence is in conflict as to plaintiffs' asserted right to the possession of the tunnel based upon the invalidity of the defendants' rights under locations, and defendants' contention that by failure to comply with the legal requirements, plaintiffs had lost all rights to the property in question, defendants asserting that their right was based upon valid locations made by them upon ground left open by plaintiffs four years prior to their location. Upon this conflicting testimony the court resolved the issues in favor of the defendants and entered judgment accordingly. To reverse the judgment, plaintiffs prosecute this writ.

Plaintiffs allege that the Highland Mary tunnel is not a statutory or tunnel site location; that the claims at the mouth of the tunnel which were located by the

company and through which, as successors, plaintiffs now claim, were not valid locations. They support this position by contending that they contained no lodes or mineral bearing formations because such was not encountered in the tunnel extended under them by the company. This left the plaintiffs making claim to the tunnel in this litigation, during the time the mouth of the tunnel and its course, was upon and through public ground to which plaintiffs abandoned any claim. They now discuss the invalidity of defendants' claimed locations at the mouth of the tunnel, upon the theory that if the territory was lacking in mineral content, no valid location could have been made. This is contrary to the assertion made by the company when it located claims on this ground and asserted them to be valid, and so weakens the objection, especially when there is no assignment of error to the finding of the court on this question, as to require no further discussion. Plaintiffs now claim a right to the tunnel without having a patent to the land, without a valid location and without any showing, further than stated, as to work or operations over a period of approximately seventeen years. Plaintiff Bair, by his testimony, established the construction of the tunnel and expenses connected therewith including the plant of machinery required for its operation; it was further established by his evidence that the machinery had been removed and he stated in his testimony, that "* * * without a plant of machinery that tunnel could not be worked." Counsel for plaintiffs is careful to explain that the tunnel was not located as a statutory tunnel site. This being true, the tunnel represents a hole in the ground located on public domain, and consequently open territory subject to the claimed locations made and proven by the defendants. If defendants' claims are established as those of a bona fide locator, it leaves plaintiff without standing.

The principal contention of plaintiff included in his assignments of error, concerns an objection to the

admission in evidence by the court of defendants' location certificates, and this upon the general ground that the descriptions therein contained are insufficient. Plaintiff Bair had notice of the location and of the boundaries of the claims because present at the time locations were being made. He stood by without objection and his silence then bars him from now objecting. The only requisite concerning the sufficiency of mining certificates of location and notice is that they be in substantial compliance with legal requirements and sufficient to enable a reasonably intelligent person to find the claim as located. This is necessary to advise others who attempt to make subsequent locations. Plaintiff did not for himself or for those he represented make any such attempt. The court heard the testimony of witnesses to the effect that the descriptions of the claims as made by defendants were sufficient to enable them to easily find the claims. This was sufficient to support the finding by the trial court in defendants' favor. Great particularity and certainty is not required in the original location notice, because such locations are necessarily many times made when the assistance of a skilled surveyor is not available. It appears defendants reasonably met the necessary requirements, at least to the satisfaction of the trial court, and its finding thereon will not be disturbed.

Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE YOUNG concur.